At this time, we'll hear Soules v. State of Connecticut. William S. Palmieri for the Appellant Gary Soules. This is a very important matter before the Court today that highlights the quandary that employment discrimination plaintiffs face when during litigation on one discreet adverse employment action, the employer takes a different, unrelated adverse employment action. You mean the termination in this instance? I beg your pardon? The termination is the subsequent, and in this case... But the prior complaint was saying that everything that was being done was a setup for termination. In one place in the prior complaint. How many places do you need? What occurred, Judge, was that on April 8, 2013, there was an EEOC filing that made a great deal of complaints, the adverse employment action being a suspension that occurred. The federal case in that, Soules 1, was then filed on July 23, 2014. During, in fact, 19 days after the defendants filed motions to dismiss in that case both the state and the town of Oxford and the individual defendants, Mr. Soules was terminated on January 16, 2015. Now, our Supreme Court in the Morgan case, which I've cited in our brief, makes it very plain that this is a discreet action. This is a discreet action of adverse employment, a discreet adverse employment action that requires the exhaustion of an administrative remedy. So, Mr. Soules, Officer Soules at the time, was faced with either attempting to graft this onto a complaint that was in the process of being dismissed, and was subsequently dismissed as a result of the motions of the defendants, and faced the very potent argument, I think the dispositive argument, that he failed to exhaust his administrative remedies pursuant to National Railroad Passenger Corporation v. Morgan. But he did put it in the response to the motion to dismiss. He specifically said on the very first page, this is from the district court's decision, plaintiff appellant stated, in addition to the unlawful conduct of the defendants directed at the plaintiff, as set forth in the amended complaint, the plaintiff has been terminated by the defendants. This act of employment capital punishment occurred on or about January 6th, after the filing of the amended complaint, and constitutes further unlawful conduct by the defendants. So wasn't that before the district court? Absolutely correct, Judge Droney, that it was placed in the response, having occurred 19 days prior, as evidence of further adverse employment action. However, our case, our circuit case in Computer Associates International v. Altai, which is 126 Fed 3rd, 365, makes plain, says that what controls the litigation is framed by what is in the complaint at the time it is filed. And this, I've also briefed in the brief, I've presented a decision on a highly analogous case that was made by a sister district court in the Koenig case. And this law was correctly applied in that case. It says, look, basically it's fair for me to refer to such things that are factual occurrences in the case, without having invoked, without them invoking res judicata. In fact, res judicata could not be invoked because the case had not been submitted to the CHRO, if it were simply put in there in a motion to dismiss. There was not an administrative exhaustion of remedies. And then there would be no basis for the court to, there would be good basis for the defendants to move to dismiss that action. May I ask why you were raising the termination as a further unlawful act, except basically to amend your complaint, to add that claim? It was referred to... Because the law provides for conforming the complaint to the record and the pleadings. Right. Absolutely. Absolutely, Judge Raghi. It was referred to in there in the context of, and in fact, it would be analogous to dicta. In that first page, first paragraph... Let's engage in dicta. I mean, I'm asking you what, it seems to me that you were alleging this to say there's still more violations that were being subjected to, and the most recent is unlawful termination. Am I missing something? If this case was appropriate for amendment, and now one must also bear in mind what stage the case was at. It was post-filing of motions to dismiss. But if it was amenable to amendment, the matter would have had to have referred to retaliation for filing the EEOC claim in the case. And I started out by noting that that matter was filed in 2013. Officer Soles was not terminated until 2015. Our law is, in the subsequent case that was filed, dismissed by Judge Bryant, was a retaliation case for filing the federal claim and not the EEOC claim. Our law in the context of retaliation proof is that temporal proximity is very important in demonstrating retaliation. So if there were an amendment here, first of all, it was not a case that was alleging retaliation based on the EEOC filing. It was based upon the federal claim being filed. Secondly, as in the failure to exhaust, it would have been a slam dunk for the defendants to say, look, there's no temporal proximity between an EEOC claim that was made two years prior and this termination. I have reserved some time for rebuttal. I would be glad to answer any questions at this point. Thank you. Good morning. Good morning, Your Honors. I am Assistant Attorney General Colleen Valentine here on behalf of the State of Connecticut Defendants, the Connecticut Department of Emergency Services and Public Protection. Your Honors, the state defendants request that this court affirm the district court's dismissal of the plaintiff's amended complaint in this matter on either race judicata grounds or the alternative grounds for affirmance which have been identified as, with respect to the state defendants, the fact that one count is barred by the 11th Amendment. Collateral estoppel applies for some of the claims. The plaintiff has failed to plead that the State of Connecticut or DSPE were his employer at any time and also that the plaintiff's claims are simply not plausible. With respect to the race judicata argument, the reason we're here on that is that the plaintiff not only raised it directly to the district court, but he also raised it to this court. And this court reviewed not only the complaints in Sewell's one, but also all of the pleadings. And this court, knowing full well that the plaintiff had raised the issue of termination, stated, based on all of the facts in the record, given Sewell's complete failure to remedy the defects in his original complaint with his first opportunity to amend and the absence of any proposed amendments, we concur with the district court that any further amendment would be futile. This case is the same situation. The complaint is virtually unchanged from the two complaints filed in Sewell's one. The two Sewell's complaints in Sewell's two have the same defects that are present. And so with respect to the termination being a discreet act, I certainly agree that ordinarily it would be, but there are exceptions that would allow the plaintiff to proceed with his termination claim in Sewell's one. But he didn't have to do that. He could have chosen not to. And if he hadn't raised those issues to the district court and then again to this court in support of his appeal, I don't think that we would be here. But because he willingly raised those issues and he was doing it, the quote is, every matter that was offered and received to sustain or defeat a cause of action. I don't think that there's any question that the plaintiff was offering the termination of his employment as a further basis to defeat the motion to dismiss in that case, and then he offered it again to this court in support of his appeal. With respect to the alternative grounds, the plaintiff did not file a reply brief, and so I don't have too much to say about that because I think that it's all been adequately briefed. But I do just want to hit on one point, which is that this is the second case in which it's been identified to the plaintiff that neither the state of Connecticut nor the Department of Emergency Services and Public Protection is his employer. And the claims that are being brought in this case against those two defendants are brought under Title VII, under the Connecticut Fair Employment Practices Act, and under the Americans with Disabilities Act. All three of those, and also the Rehabilitation Act, all four of those, rather, statutes require an employment relationship. And the plaintiff has plainly pled that he is employed by the town of Oxford. The only conceivable link that the plaintiff has offered in support of the reason he has brought the state of Connecticut defendants in is that there was a state trooper that was assigned to work with him. But the plaintiff has not alleged that the state trooper was acting as the principal, while the town of Oxford was the agent. And so there isn't any basis in this case for the plaintiff's claim against those defendants, and we ask that the case be dismissed as to them on either the res judicata grounds or on the alternative grounds. May I just be sure I understand your position? The state defendants were dismissed by the district court for lack of service of process. The district court then went on with respect to other defendants to explain why the plaintiff failed to state a claim. So you're seeking the benefit of that ruling that he failed to state a claim as to why you don't get to be brought in now? I mean, because that wasn't the ground for dismissing your client at the district court level in Rules 1. That's correct, Your Honor. The state of Connecticut defendants were dismissed on a different legal basis. All of the other grounds for dismissal had been raised, but the only one that applied to them at that time was the lack of service. But the case was allowed to continue as to the state trooper, Trooper Samosky, in his individual capacity. And so to the extent that there were claims made against him, I certainly believe that the state of Connecticut is in privity with him. And so the collateral estoppel, I think, issue would apply with respect to him. But the issue that I think is more important is simply that the state of Connecticut isn't his, it's not his employer, and he hasn't pled that in any of his four complaints, that the state of Connecticut satisfied the legal criteria for liability in any of the four grounds that he raised against them. Thank you. Thank you very much. We'll hear from the town of Oxford. Good morning. May it please the court. My name is Dennis D'Oreo. I represent the town of Oxford. I was a defendant appellee. I wanted to quickly discuss something that plaintiff's counsel raised. One of the arguments in this appeal is that his termination couldn't have been raised because he had to exhaust his administrative remedies. I agree. Under certain circumstances, a termination is a discrete act for which exhaustion is required. However, there are exceptions to the exhaustion requirement. One being when an individual is retaliated for engaging in certain protective activity. Now, the argument here is I was retaliated against and terminated because of my complaint rather than my EEOC charge or CHRO charge. That's a distinction without a difference, in all honesty. They're both protected activity. At least one court within the circuit has already noted very recently that whether it's an EEOC charge or a complaint, that that would satisfy the reasonably related exception. As a result, the exhaustion argument should not be considered. Both counsel have already discussed quite in depth the race judicata issue. I think the court has reasonably grasped that. Rather than echo what they have said, I think I'll just jump to my alternative grounds as well. Similar to the state, there's really two alternative grounds that we raise in our brief. The first being collateral estoppel. And the second being simply implausible allegations. With respect to collateral estoppel, what we're left with here is a disability claim. Actual and or perceived. Before this court already was a complaint that is virtually identical to the one in Sewell's 2. This court found that that complaint failed to satisfy Twombly or the comprehensibility. In finding that, the court necessarily determined already that the plaintiff had not alleged that he was disabled within the meaning of the ADA. When you look at the complaint that's before this court now, those are the same allegations. And as a result, the plaintiff shouldn't be allowed to argue that he's in fact disabled under the ADA. But is he allowed to argue for purposes of the ADA and the Rehabilitation Act that he had a good faith basis, if not a meritorious one for suing, and that you retaliated against him? Isn't that the thrust of his complaint under the ADA and the Rehab Act? I would agree with that, Your Honor. Tell me why that fails. The retaliation claim? Well, or the ADA. If what we're talking about is not whether he's disabled or perceived of as disabled, but that he had a good faith basis for suing you for that. He lost because he didn't plead enough facts, but he says he had a good faith basis, and that you retaliated against him for filing that complaint. I believe, Your Honor, that as a special issue for the ADA, you have to be disabled. Not for a retaliation claim. That's correct. And so to the extent that the argument is there is a good faith basis to believe that he was disabled or assert that he was disabled, I think that argument fails based on the decisions of the court already. The district court found that he wasn't disabled, and based on the type of language used, the allegations of that complaint, I don't believe that there's, in fact, a good faith basis to believe that he was disabled. And as a result, I think the retaliation claim would fail. Is there a difference between a finding that he wasn't disabled and a finding that he didn't have a good faith basis to plead disability? I would agree that there's a distinction. All right. So do we have a finding as to the latter here? I don't think squarely, Your Honor. I don't believe squarely. We don't? We do not. So where does that leave us on review on appeal? Well, I think rather than go specifically to the retaliation claim, as I noted in my brief, the complaint indicates that the plaintiff has been a victim of discrimination, harassment, and retaliation. And so to the extent that he was attempting to re-raise discrimination claims absent retaliation, aside from the retaliation. Right. Let me assume for purposes of my question that we agree with you on that. I'm just asking how we can also conclude that his retaliation claim goes. I don't think it has to go with respect to that argument. All right. And then finally, with respect to the implausibility, there's supposed to be a Title VII claim. There's no allegation of race, color, sex, or anything like that. And if there are no additional questions from Your Honors, I'll rest on my brief. Just so I understand, are you agreeing then that the retaliation claim is viable? No, I think the retaliation claim is gone because of race judicata. But you just agreed that there had been no finding that he didn't have a good faith basis for bringing a disability claim. Right, but the district court did find that, in fact, the termination had been raised. And in the first case, there were discrimination, retaliation, and harassment claims raised. Or at least the court read into the complaint that those existed. And as a result, he would have actually raised that claim already. And therefore, he can't raise it again now. Thank you. Thank you very much. I'm not going to address the town's alternative basis for upholding, as I think that Your Honor has put the court's finger on the matter that there was no finding that there was not a good faith basis. And the retaliation claim could proceed under that analysis. Well, that wouldn't matter, though, if you raised it in the first appeal, in the first Sewell's case, and that wasn't then challenged on appeal, right? That would still be race judicata. The race judicata is the question. That's the question we're hearing. The answer is that race judicata does not apply to this case, even with the gratuitous mention of the immediately preceding termination, because our court is very clear in Morgan that we need to exhaust that administrative remedy before filing. And Alfano v. Costello and the Butts cases, both cited on page 14 of my brief that are good law in our circuit, give the only possible exceptions to that. And it's not a vague exception of retaliation being alleged. The second exception in these cases says it alleges retaliation. The second suit alleges or the amended suit alleges retaliation for filing the EEOC charge. I've discussed that already. There is a significant distinction and difference between a federal lawsuit before a jury and an EEOC administrative charge. Counsel wishes to conflate those two because then the defendant could say that, oh, here was where you could go ahead and amend the case. We've held that claims that were not asserted before the EEOC can be pursued in a subsequent federal court action if they're reasonably related to the claims filed with the agency. And I would say that what you're alleging is that the same course of discrimination and hostility that was raised in the first case led, as you claimed in the first case, to the termination. Reasonable relation is also an excellent question and benchmark, and they are not reasonably related when the allegation in the second, Soles II, is retaliation for having brought a claim of disability discrimination. In the first case, there was military discrimination. There were First Amendment issues, due process issues. Those are not reasonably related to a subsequent termination in retaliation for having brought the first case. It's an oxymoron to say that one could plead retaliation for a case, retaliatory termination for having brought a case when the termination has not yet occurred. So it becomes a temporal impossibility. And given Morgan, Butts, and the cases following Butts, the Alfano case, it becomes a legal impossibility. But you didn't allege it was the filing of the EEOC, the second EEOC complaint that led to the retaliation. You, in your motion to dismiss response, it was due to his harassment for his disability claim. You said that was the reason for it. And that's exactly what I'm saying. I'm saying that having brought the claim that in a federal action that he was terminated in retaliation for bringing a disability discrimination case, that's the reason he was terminated. So the court ordered, and I know you're referring to Judge Bryant's show cause orders. She said, show cause why I shouldn't dismiss souls too, because arguably I mentioned the termination in one place in a motion, in a response to a motion to dismiss, but not in a complaint, as the law requires. And my response was, this is not subject to the exception Alfano carves out, as the defendant has pointed out, because it's not based upon the EEOC claim. It is based upon a federal action alleging discriminatory conduct based upon discrimination. Before you sit down, can you tell me what your good faith basis is for suing the state of Connecticut as your client's employer? Absolutely. The town of Oxford utilizes a Connecticut statutory provision in which the Connecticut State Police provide what's called a resident trooper. The resident trooper supervises disciplines, hands out over time, monitors, and in this case, took many different actions against Officer Souls in both disciplinary and other traditional employment actions. And it's paid by the town or by the state? It's really unclear as to what that breakdown is, because both the town and the state of Connecticut have oversight of the employers. I don't understand how that makes the state of Connecticut your client's employer. I mean, someone else may exercise supervision. I mean, one can imagine this in private circumstances, too, on a construction job. Someone who works for another employer may supervise someone from another area, but that doesn't make them the employer for purposes of these statutes. What's the good faith basis? I mean, did you have any case that allowed you to conclude that the state of Connecticut was your client's employer? Based upon the Connecticut statutory provision that provided for . . . Right, but you have no case that says that that then makes the state of Connecticut the employer of your client, right? I don't have a case to present. And why isn't the state of Connecticut shielded by the 11th Amendment from this action in any event? I think that the state of Connecticut is shielded by 11th Amendment immunity. So can we be done with the state of Connecticut in this case? I would concur that based on the information that's developed, that the state of Connecticut is out of the case. All right, thank you. Thank you. Thank you very much, Your Honor. Thank you all. We'll reserve decision.